1 | **LAW OFFICES OF DALE K. GALIPO**
2 | Dale K. Galipo (SBN 144074)
  | dalekgalipo@yahoo.com
3 | Benjamin S. Levine (SBN 342060)
  | blevine@galipolaw.com
4 | 21800 Burbank Blvd., Suite 310
  | Woodland Hills, CA 91367
5 | Tel: (818) 347-3333
  | Fax: (818) 347-4118
6 |
7 | *Attorneys for Plaintiff*

8

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACEY NOONAN,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF NEWPORT BEACH; BERNADETTE SANCHEZ; PAUL SARRIS; LINA YOU; and DOES 1 through 10, inclusive,<br><br>Defendants. | **COMPLAINT FOR DAMAGES:**<br><br>1. Fourth Amendment, Unlawful Entry (42 U.S.C. § 1983)<br>2. Fourth Amendment, Excessive Force (42 U.S.C. § 1983)<br>3. Fourth Amendment, Unlawful Detention and Arrest (42 U.S.C. § 1983)<br>4. Fourth Amendment, Denial of Medical Care (42 U.S.C. § 1983)<br>5. Municipal Liability, Failure to Train (42 U.S.C. § 1983)<br>6. Municipal Liability, Ratification (42 U.S.C. § 1983)<br>7. Battery (Wrongful Death and Survival)<br>8. Negligence (Wrongful Death and Survival)<br>9. Violation of Bane Act (Cal. Civil Code § 52.1)<br><br>**DEMAND FOR JURY TRIAL** |

**INTRODUCTION**

1.      This civil rights and state tort action seeks compensatory and punitive damages from Defendants—City of Newport Beach police officers and the City—for violating various rights under the United States Constitution and state law in connection with their shooting of Plaintiff Stacey Noonan on July 17, 2022.

2.      Plaintiff alleges that her injuries are a result of Defendants' excessive use of deadly force , Defendants' failure to provide reasonable medical care to her despite her serious medical condition after being shot, and of Defendants' negligence.

**JURISDICTION AND VENUE**

3.      This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiff asserts claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth Amendment to the United States Constitution. This Court has supplemental jurisdiction over Plaintiff's claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

4.      Venue is proper in this Court under 28 U.S.C. § 1391(b) because all incidents, events, and occurrences giving rise to this action occurred in this district and, on information and belief, all Defendants reside in this district.

**PARTIES**

5.      At all relevant times, Plaintiff STACEY NOONAN was an individual residing in the City of Newport Beach, California. Plaintiff seeks both compensatory and punitive damages under federal and state law.

6.      At all relevant times, Defendant CITY OF NEWPORT BEACH ("CITY") is and was a municipal corporation existing under the laws of the State of California. CITY is a chartered subdivision of the State of California with the capacity to be sued. CITY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the

Newport Beach Police Department and its agents and employees. At all relevant times, CITY was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the CITY and its employees and agents complied with the laws of the United States and of the State of California. At all relevant times, CITY was the employer of BERNADETTE SANCHEZ, PAUL SARRIS, LINA YOU, and of some or all of DOES 1-10.

7.    At all relevant times, Defendant BERNADETTE SANCHEZ was a police officer employed by the CITY for the CITY's Police Department, acting under color of state and local law and within the course and scope of her duties as an officer for the CITY, and was acting with the complete authority and ratification of her principal, Defendant CITY. Defendant SANCHEZ is sued in her individual capacity.

8.    At all relevant times, Defendant PAUL SARRIS was a police officer employed by the CITY for the CITY's Police Department. At all relevant times, PAUL SARRIS was acting under color of state and local law and within the course and scope of his duties as an officer for the CITY, and was acting with the complete authority and ratification of his principal, Defendant CITY. Defendant SARRIS is sued in his individual capacity.

9.    At all relevant times, Defendant LINA YOU was a police officer employed by the CITY for the CITY's Police Department. At all relevant times, LINA YOU was acting under color of state and local law and within the course and scope of her duties as an officer for the CITY, and was acting with the complete authority and ratification of her principal, Defendant CITY. Defendant YOU is sued in her individual capacity.

10.    Defendants DOES 1-10 are police officers for the CITY's Police Department ("DOE OFFICERS"). At all relevant times, DOE OFFICERS were acting under color of state and local law within the course and scope of their duties as officers for the CITY, and were acting with the complete authority and ratification of their principal, Defendant CITY. Defendants DOE OFFICERS are sued in their

1  individual capacities.

2      11.    On information and belief, Defendants SANCHEZ, SARRIS, YOU, and

3  DOES 1-10 were residents of the City of Newport Beach at all relevant times.

4      12.    The true names and capacities, whether individual, corporate,

5  association or otherwise of Defendants DOES 1-10, inclusive, are unknown to

6  Plaintiff, who otherwise sue these Defendants by such fictitious names. Plaintiff will

7  seek leave to amend this compliant to show the true names and capacities of these

8  Defendants when they have been ascertained. On information and belief, each of the

9  fictiously named Defendants is responsible in some manner for the conduct or

10  liabilities alleged herin.

11      13.    At all times mentioned herein, each and every Defendant was the agent

12  of each and every other Defendant and had the legal duty to oversee and supervise

13  the hiring, conduct, and employment of each and every Defendant.

14      14.    All of the acts complained of herein by Plaintiff against Defendants,

15  including DOES 1-10, were done and performed by said Defendants by and through

16  their authorized agents, servants, and/or employees, all of whom at all relevant times

17  herein were acting with the course, purpose, and scope of said agency, service, and/or

18  employment capacity.

19              **FACTS COMMON TO ALL CLAIMS FOR RELIEF**

20      15.    Plaintiff repeats and realleges each and every allegation in the foregoing

21  paragraphs of this Complaint with the same force and effect as if fully set forth

22  herein.

23      16.    On or about July 17, 2022, Plaintiff was at her home in Newport Beach,

24  California.

25      17.    Defendants SANCHEZ, SARRIS, YOU, and DOE OFFICERS

26  ("DEFENDANT OFFICERS") went to Plaintiff's home to speak with her.

27      18.    DEFENDANT OFFICERS spoke with Plaintiff through a window of her

28  home before asking that she open the door.

COMPLAINT FOR DAMAGES

19.     Defendants had no warrant of any kind, including one authorizing their entry into Plaintiff's home. Plaintiff never voiced or otherwise indicated any consent for DEFENDANT OFFICERS to enter her home.

20.     Plaintiff informed DEFENDANT OFFICERS that she would open the door to speak with them on the condition that they stood several feet away from the door, and that Plaintiff did not consent to DEFENDANT OFFICERS' entering her home.

21.     As Plaintiff opened the front door of her home from inside, and while Plaintiff was still standing inside of her home, the DEFENDANT OFFICERS grabbed onto Plaintiff's arm and attempted to pull her outside through the open front door.

22.     Plaintiff attempted to close the front door of her home. As she did so, the DEFENDANT OFFICERS forcefully opened the door and forced an entry into Plaintiff's home, while Plaintiff vocally objected.

23.     While forcing their way through the front door into Plaintiff's home, one or more of DEFENDANT OFFICERS, including Defendant YOU, fell on top of Plaintiff and knocked Plaintiff to the ground.

24.     While Plaintiff was on the ground and Defendant YOU was on top of Plaintiff, Defendant SANCHEZ discharged her firearm at Plaintiff, striking Plaintiff in the head.

25.     At the time Defendant SANCHEZ shot Plaintiff, Plaintiff posed no immediate threat of death or serious bodily injury to SANCHEZ or any other person.

26.     DEFENDANT OFFICERS, including Defendant SANCHEZ, did not issue appropriate commands to Plaintiff during the encounter, including in the moments prior to SANCHEZ's use of deadly force. Defendant SANCHEZ also did not warn Plaintiff that SANCHEZ would use force against Plaintiff, including deadly force, before shooting Plaintiff.

27.     At the time of the shooting, Plaintiff made no aggressive movements

toward DEFENDANT OFFICERS or any person, did not lunge toward DEFENDANT OFFICERS or any person, did not step or move toward DEFENDANT OFFICERS or any person, and did not make any furtive gestures that would suggest to BERNADETTE SANCHEZ or any reasonable officer that Plaintiff was attempting, or intending to inflict harm to DEFENDANT OFFICERS or any person.

28.    DEFENDANT OFFICERS did not employ tactics to de-escalate the situation, failed to give Plaintiff time and space to understand and accept DEFENDANT OFFICERS' presence, failed to approach and speak to Plaintiff in a non-threatening manner, and failed to give Plaintiff the opportunity to consent to and cooperate with instructions.

29.    Plaintiff did not pose an immediate threat of death or serious bodily harm to anyone at the time Defendant SANCHEZ shot Plaintiff. At no time prior to Defendant SANCHEZ discharging her weapon was any police officer or other person facing an imminent threat of death or serious physical injury, and DEFENDANT OFFICERS were capable of neutralizing and/or effectuating the seizure of Plaintiff using any of a variety of readily available less intrusive means or strategies. The force used by Defendant SANCHEZ was unnecessary, excessive, and unreasonable under the totality of the circumstances.

30.    On information and belief, Plaintiff never verbally threatened anyone with death or serious bodily harm prior to being shot by Defendant SANCHEZ.

31.    Defendant SANCHEZ shot Plaintiff even though Plaintiff did not pose an immediate threat of death or serious bodily injury to her or anyone else and there were other less intrusive options available. Defendant SANCHEZ did not show a reverance for human life, and this was not an immediate defense of life situation.

32.    Plaintiff never brandished a deadly weapon toward Defendants  or anyone else prior to being shot.

33.    Based on information and belief, after Defendant SANCHEZ discharged

COMPLAINT FOR DAMAGES

her firearm and became aware of Plaintiff's deteriorating physical condition, DEFENDANT OFFICERS waited several minutes before summoning paramedics to render medical care, and further unreasonably delayed paramedics' access to Plaintiff upon arrival at the incident scene.

34.     Plaintiff suffered significant mental and physical harm and pain and suffering as a result of her injuries.

35.     On or around January 4, 2023, Plaintiff filed comprehensive and timely claims for damages with the City of Newport Beach pursuant to the applicable sections of the California Government Code. Said claims were denied by operation of law on February 18, 2023. As of the date of this filing, Plaintiff has not received any response to these claims.

36.     A criminal complaint based on alleged offenses committed during the incident that is the subject of this Complaint was filed against Plaintiff in California Superior Court on July 19, 2022. That prosecution remained pending until it was dismissed on August 28, 2025. During the intervening 1,128-day period, Plaintiff was barred from filing a complaint that included the California law causes of action asserted in this Complaint, and the applicable statutes of limitations for all causes of action asserted in this Complaint were tolled. Gov. Code § 945.3; *Harding v. Galceran*, 889 F.2d 906, 907-09 (9th Cir. 1989).

## FIRST CLAIM FOR RELIEF

### Fourth Amendment – Unlawful Entry (42 U.S.C. § 1983)

(Plaintiff against Defendants SANCHEZ, SARRIS, YOU, and DOES 1-10)

37.     Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

38.     DEFENDANT OFFICERS entered Plaintiff's home without a warrant.

39.     Plaintiff did not consent to DEFENDANT OFFICERS' entry into her home, verbally or otherwise. Rather, Plaintiff clearly and repeatedly objected to

1    DEFENDANT OFFICERS' entry into the home.

2        40.    No exigency justified DEFENDANT OFFICERS' warrantless entry into

3    Plaintiff's home.

4        41.    By entering Plaintiff's home without a warrant or valid warrant

5    exception, DEFENDANT OFFICERS violated Plaintiff's right to be free from

6    unlawful entry into her home, guaranteed to Plaintiff under the Fourth Amendment to

7    the United States Constitution and applied to state actors by the Fourteenth

8    Amendment.

9        42.    As a result of DEFENDANT OFFICERS' unlawful entry into Plaintiff's

10   home, Plaintiff suffered emotional distress, embarassment, and humiliation, and was

11   shot and grievously injured by Defendant SANCHEZ.

12       43.    The conduct of DEFENDANT OFFICERS was willful, wanton,

13   malicious, and done with reckless disregard for the rights of Plaintiff and therefore

14   warrants the imposition of exemplary and punitive damages as to these Defendants.

15       44.    As a result of their violation of Plaintiff's Fourth Amendment rights,

16   Defendants are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983,

17   including for physical and mental pain and suffering, inconvenience, grief, anxiety,

18   humiliation, and emotional distress; past and future medical expenses; and lost

19   income and earning capacity.

20       45.    Plaintiff also seeks attorney's fees and costs under this claim.

21                    **SECOND CLAIM FOR RELIEF**

22   **Unreasonable Search and Seizure - Excessive Force (42 U.S.C. § 1983)**

23   (Plaintiff against Defendants SANCHEZ, SARRIS, YOU, and DOES 1-10)

24       46.    Plaintiff repeats and realleges each and every allegation in the foregoing

25   paragraphs of this Complaint with the same force and effect as if fully set forth

26   herein.

27       47.    The unreasonable use of deadly force by Defendant SANCHEZ in

28   shooting Plaintiff deprived Plaintiff of her right to be secure in her person against

unreasonable searches and seizures as guaranteed to her under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

48.     The use of deadly force was excessive and unreasonable under the circumstances, especially since Plaintiff did not pose an immediate threat of death or serious bodily injury to Defendants, or anyone else, prior to being shot. Further, Plaintiff never verbally threatened anyone with death or serious bodily harm prior to being shot. DEFENDANT OFFICERS also failed to investigate or appropriately consider whether Plaintiff was mentally ill and/or experiencing a mental crisis, despite readily apparent indications that she was. DEFENDANT OFFICERS also did not properly assess Plaintiff's mental state or employ appropriate tactics given Plaintiff's apparent mental state. DEFENDANT OFFICERS' actions thus deprived Plaintiff of her right to be free from unreasonable searches and seizures under the Fourth Amendment and applied to state actors by the Fourteenth Amendment.

49.     As a result of Defendant SANCHEZ's unreasonable use of force, Plaintiff suffered extreme pain and suffering and injury.

50.     As a result of the conduct of DEFENDANT OFFICERS, they are liable for Plaintiff's injuries, either because they were integral participants in the use of excessive force, or because they failed to intervene to prevent these violations.

51.     The conduct of Defendants SANCHEZ, SARRIS, YOU, and DOE OFFICERS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to these Defendants.

52.     As a result of their violation of Plaintiff's Fourth Amendment rights, Defendants are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983, including for physical and mental pain and suffering, inconvenience, grief, anxiety, humiliation, and emotional distress; past and future medical expenses; and lost income and earning capacity.

53.     Plaintiff also seeks costs and attorney's fees under this claim.

**THIRD CLAIM FOR RELIEF**

**Fourth Amendment – Unlawful Detention and Arrest (42 U.S.C. § 1983)**

(Plaintiff against Defendants SANCHEZ, SARRIS, YOU, and DOES 1-10)

54.     Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

55.     When Defendants YOU and SANCHEZ grabbed Plaintiff and attempted to place handcuffs on Plaintiff while Plaintiff was inside of her home, Plaintiff was not free to leave and was seized.

56.     When Defendant YOU entered Plaintiff's home and forcibly took Plaintiff to the ground, Plaintiff was not free to leave and was seized.

57.     When Defendant SARRIS trained his taser on Plaintiff, Plaintiff was not free to leave and was seized.

58.     When Defendant SANCHEZ trained her firearm on Plaintiff, Plaintiff was not free to leave and was seized.

59.     When Defendant SANCHEZ then shot Plaintiff, SANCHEZ continued to seize Plaintiff and effectuated Plaintiff's *de facto* arrest. After the shooting, one or more of DEFENDANT OFFICERS, including, on information and belief, Defendant YOU, handcuffed and arrested Plaintiff.

60.     All of the foregoing seizures occurred inside of Plaintiff's home, in which DEFENDANT OFFICERS were present without any warrant or valid warrant exception, and were unlawful.

61.     Prior to seizing Plaintiff, DEFENDANT OFFICERS did not observe Plaintiff commit any significant crime.

62.     In addition to the detention itself being unreasonable, the scope and matter of the detention was also unreasonable in that DEFENDANT OFFICERS used more force than reasonably appeared necessary to effectuate Plaintiff's detention and

1  arrest, including through the unreasonable use of deadly force.

2       63.    When DEFENDANT OFFICERS engaged in the foregoing conduct,

3  they violated Plaintiff's right to be secure in her person against unreasonable searches

4  and seizures as guaranteed to her under the Fourth Amendment ot the United States

5  Constition and applied to state actors by the Fourteenth Amendment.

6       64.    The conduct of DEFENDANT OFFICERS was willful, wanton,

7  malicious, and done with reckless disregard for the rights and safety of Plaintiff and

8  therefore warrants the imposition of exemplary and punitive damages as to these

9  Defendants.

10       65.    As a result of this misconduct, DEFENDANT OFFICERS are liable for

11  Plaintiff's injuries, either because they were integral participants in the wrongful

12  detention and arrest, or because they failed to intervene to prevent these violations.

13       66.    As a result of the foregoing, Plaintiff suffered great physical pain and

14  emotional distress and injury, and was shot and grievously injured by Defendant

15  SANCHEZ.

16       67.    As a result of their violation of Plaintiff's Fourth Amendment rights,

17  Defendants are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983,

18  including for physical and mental pain and suffering, inconvenience, grief, anxiety,

19  humiliation, and emotional distress; past and future medical expenses; and lost

20  income and earning capacity.

21       68.    Plaintiff also seeks costs and attorney's fees under this claim.

22            **FOURTH CLAIM FOR RELIEF**

23        **Fourth Amendment - Denial of Medical Care (42 U.S.C. § 1983)**

24      (Plaintiff against Defendants SANCHEZ, SARRIS, YOU, and DOES 1-10)

25       69.    Plaintiff repeats and realleges each and every allegation in the

26  foregoing paragraphs of this Complaint with the same force and effect as if fully set

27  forth herein.

28       70.    The denial of medical care by Defendants SANCHEZ, SARRIS, YOU,

and DOE OFFICERS deprived Plaintiff of her right to be secure in her persons against unreasonable searches and seizures as guaranteed to her under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

71.     Defendants SANCHEZ, SARRIS, YOU, and DOE OFFICERS knew, or reasonably should have known, that failure to provide timely medical treatment to Plaintiff could result in further significant injury, the unnecessary and wanton infliction of pain, and/or death, but, on information and belief, disregarded that serious medical need, exacerbating Plaintiff's injuries and pain.

72.     On information and belief, after shooting Plaintiff, Defendants SANCHEZ, SARRIS, YOU, and DOE OFFICERS did not timely summon or provide timely medical attention for Plaintiff, who was bleeding profusely and had obvious injuries as a result of being shot by Defendant SANCHEZ, and these Defendants did not allow, and rather prevented, responding medical personnel on-scene to timely render medical aid and assistance to Plaintiff.

73.     The conduct of Defendants SANCHEZ, SARRIS, YOU, and DOE OFFICERS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to these Defendants.

74.     As a result of the foregoing, Plaintiff suffered great physical pain and emotional distress.

75.     As a result of their violation of Plaintiff's Fourth Amendment rights, Defendants are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983, including for physical and mental pain and suffering, inconvenience, grief, anxiety, humiliation, and emotional distress; past and future medical expenses; and lost income and earning capacity.

76.     Plaintiff also seeks costs and attorney's fees under this claim.

COMPLAINT FOR DAMAGES

### **FIFTH CLAIM FOR RLEIEF**

**Municipal Liability – Failure to Train (42 U.S.C. § 1983)**

(By Plaintiff against Defendant CITY)

77.     Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if full set forth herein.

78.     The acts of DEFENDANT OFFICERS deprived Plaintiff of her particular rights under the United States Constitution.

79.     The training policies of Defendant CITY were not adequate to train its police officers to handle the usual and recurring situations with which they must deal.

80.     Defendant CITY was deliberately indifferent to the obvious consequences of its failure to train its officers adequately.

81.     The unreasonable and unjustified warrantless entry, detention, arrest, and use of deadly force against Plaintiff by DEFENDANT OFFICERS was a result of negligent training by Defendant CITY, which failed to train CITY police officers as to the requirement to have a warrant or valid warrant exception when entering an individual's home and when arresting the individual inside their home, proper detention and arrest procedures, proper police tactics, and proper use of deadly force. CITY was responsible for the training of CITY police officers to ensure that the actions, procedures, and practices of said Defendants complied with Peace Officer Standards and Training (POST) training standards regarding proper police tactics, and proper use of deadly force.

82.     CITY knowingly failed to train CITY police officers to comply with POST training standards regarding proper detention and arrest procedures. POST was established by the California Legislature in 1959 to set minimum training standards for California police officers.

83.     The training policies of the COUNTY were deficient in the following ways:

        a.  The CITY failed to properly train CITY police officers

regarding the constitutional requirement to have a warrant, issued by a court based on a finding of probable cause, before entering a home, and regarding the narrow exceptions to the warrant requirement and their applicability.

 b. The CITY failed to properly train CITY police officers regarding the constitutional requirement to have a warrant, issued by a court based on a finding of probable cause, before arresting someone inside of their home home, and regarding the narrow exceptions to the warrant requirement and their applicability.

 c. The CITY failed to properly train CITY police officers regarding the constitutional requirement that, when attempting to detain or arrest an individual, they may do so only in a location they are lawfully occupying.

 d. The CITY failed to properly train CITY police officers so that officers do not escalate their interactions with members of the public and do not overreact and resort to the use of deadly force when the use of deadly force is not necessary.

 e. The CITY failed to properly train CITY police officers in the use of effective communication prior to and during the use of force. Because of the lack of proper training by the CITY, DEFENDANT OFFICERS did not use effective communication prior to and during the use of force against Plaintiff.

84. Under the egregious and singular circumstances alleged herein, the foreoging deficiencies in the City's training training of its police officers are self-evident and obvious given the conduct of DEFENDANT OFFICERS.

85. The failure of Defendant CITY to provide adequate training caused the deprivation of Plaintiff's rights by DEFENDANT OFFICERS; that is, Defendant

1    CITY's failure to train is so closely related to the deprivation of Plaintiff's rights as
2    to be the moving force that caused the ultimate injury.

3         86.   By reason of the aforementioned acts and omissions of Defendant CITY,
4    Plaintiff has suffered significant pain and suffering, emotional distress,
5    embarassment, and humiliation.

6         87.   As a result of their violation of Plaintiff's Fourth Amendment rights,
7    Defendants are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983,
8    including for physical and mental pain and suffering, inconvenience, grief, anxiety,
9    humiliation, and emotional distress; past and future medical expenses; and lost
10   income and earning capacity.

11        88.   Plaintiff also seeks attorney's fees and costs under this claim.

12   <u>**SIXTH CLAIM FOR RELIEF**</u>

13   **Municipal Liability – Ratification (42 U.S.C. § 1983)**

14   (Plaintiff against Defendant CITY)

15        89.   Plaintiff repeats and realleges each and every allegation in the foregoing
16   paragraphs of this Complaint with the same force and effecrt as if fully set forth
17   herein.

18        90.   DEFENDANT OFFICERS acted under color of law. The acts of said
19   Defendants deprived Plaintiff of her particular rights under the United States
20   Constitution.

21        91.   On information and belief, a final policymaker for Defendant CITY,
22   acting under color of law, who had final policymaking authority concerning the acts
23   of DEFENDANT OFFICERS, ratified these Defendants' unlawful acts alleged herein
24   and the bases for them. The final policymaker knew of and specifically approved of
25   these Defendants' acts.

26        92.   On information and belief, a final policymaker has determined that the
27   acts of DEFENDANT OFFICERS were "within policy."

28        93.   By reason of the aforementioned acts and omissions of Defendant CITY,

Plaintiff has suffered significant pain and suffering, emotional distress, embarrassment, and humiliation.

94.     As a result of their violation of Plaintiff's rights, Defendant CITY is liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983, including for physical and mental pain and suffering, inconvenience, grief, anxiety, humiliation, and emotional distress; past and future medical expenses; and lost income and earning capacity.

95.     Plaintiff also seeks attorney's fees and costs under this claim.

### SEVENTH CLAIM FOR RELIEF

### Battery (Cal. Govt. Code § 820 and California Common Law)

(Plaintiff against Defendants CITY and SANCHEZ)

96.     Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

97.     Defendant SANCHEZ, while working as a police officer for the CITY and acting within the course and scope of her duties, intentionally used force, including deadly force, against Plaintiff. Defendant SANCHEZ had no legal justification for using such force against Plaintiff, and said use of force while carrying out her police officer duties was unreasonable, especially since Plaintiff did not pose an imminent threat of death or serious bodily injury to SANCHEZ or anyone else. Defendant SANCHEZ's use of force, including deadly force, was also unreasonable because there were less intrusive options readily available. As a result of the actions of Defendant SANCHEZ, Plaintiff suffered severe mental and physical pain and suffering.

98.     Defendant CITY is vicariously liable for the wrongful acts of Defendant SANCHEZ pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to

1  liability.

2      99.    As a result of Defendant SANCHEZ's actions, Defendants SANCHEZ

3  and CITY are liable to Plaintiff for compensatory damages, including for physical

4  and mental pain and suffering, inconvenience, grief, anxiety, humiliation, and

5  emotional distress; past and future medical expenses; and lost income and earning

6  capacity.

7      100.    The conduct of Defendant SANCHEZ was malicious, wanton,

8  oppressive, and accomplished with a conscious disregard for the rights of Plaintiff,

9  entitling Plaintiff to an award of exemplary and punitive damages.

10                    **EIGHTH CLAIM FOR RELIEF**

11        **Negligence (Cal. Govt. Code § 820 and California Common Law)**

12                    (Plaintiff against all Defendants)

13      101.    Plaintiff repeats and realleges each and every allegation in the foregoing

14  paragraphs of this Complaint with the same force and effect as if fully set forth

15  herein.

16      102.    The actions and inactions of the Defendants were negligent, including

17  but not limited to:

18          a.    Defendant CITY's failure to properly and adequately train CITY

19                police officers, including Defendants SANCHEZ, SARRIS, YOU,

20                and DOES 1-10, including with regard to the use of force,

21                including deadly force, and including with regard to dealing with

22                members of the public who may be mentally ill;

23          b.    The failure to properly and adequately assess the need to detain,

24                arrest, and use force, including deadly force, against Plaintiff;

25          c.    The negligent tactics and handling of the situation with Plaintiff,

26                including pre-shooting negligence;

27          d.    The negligent detention, arrest, and use of force, including deadly

28                force, against Plaintiff;

e.    The failure to timely provide, summon, and/or allow the provision of medical care to Plaintiff;

f.    The failure to give a verbal warning or appropriate commands prior to using force, including deadly force; and

103.   As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, Plaintiff suffered extreme mental and physical pain and suffering.

104.   Defendant CITY is vicariously liable for the wrongful acts of Defendants SANCHEZ, SARRIS, YOU, and DOES 1-10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

105.   Accordingly, Defendants are liable to Plaintiff for compensatory damages, including for physical and mental pain and suffering, inconvenience, grief, anxiety, humiliation, and emotional distress; past and future medical expenses; and lost income and earning capacity.

## NINTH CLAIM FOR RELIEF

### Violation of Bane Act (Cal. Civil Code § 52.1)

(Plaintiff against all Defendants)

106.   Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

107.   California Civil Code, Section 52.1 (the Bane Act), prohibits any person from interfering with another person's exercise or enjoyment of his or her constitutional rights by threats, intimidation, or coercion (including by the use of unconstitutionally excessive force).

108.   Any individual whose exercise or enjoyment of rights secured by the Constitution or laws of this state has been interfered with, within the meaning of

Section 52.1, may institute and prosecute in his or her name and on his or her own behalf a civil action for damages and other appropriate equitable relief to protect the peaceable exercise or enjoyment of the rights at issue.

109.   The Bane Act, the California Constitution, and California common law prohibit unlawful entry into individuals' homes, unlawful detention and arrest, and the use of excessive force by law enforcement. The Bane Act authorizes a private right of action for such claims.

110.   Defendants SANCHEZ, SARRIS, YOU, and DOES 1-10 violated Plaintiff's constitutional, statutory, and common law rights by unlawfully entering her home, unlawfully detaining and arresting her, and using excessive force, where these Defendants' acts were done intentionally and with a reckless disregard for Plaintiff's rights and for her life.

111.   DEFENDANT OFFICERS' actions, as described herein, deprived Plaintiff of her right to be free from unreasonable searches and seizures under the United States and California constitutions and other California law. The conduct of Defendants SANCHEZ, SARRIS, YOU, and DOES 1-10 was a substantial factor in causing the harm, injuries, and damages alleged herein to Plaintiff.

112.   Defendants SANCHEZ, SARRIS, YOU, and DOES 1-10 intentionally violated Plaintiff's constitutional rights by using excessive deadly force against her, including but not limited to shooting her without warning. Further, these intentional acts by Defendants SANCHEZ, SARRIS, YOU, and DOES 1-10 show that these defendants acted with a reckless disregard for Plaintiff's constitutional rights, thereby demonstrating their intent to violate those rights.

113.   At the time of the shooting, Plaintiff did not pose an immediate threat of death or serious bodily injury and had not verbally threatened anyone with death or serious bodily harm in the leadup to the shooting. There is direct and circumstantial evidence that BERNADETTE SANCHEZ, PAUL SARRIS, LINA YOU, and DOES 1-10 intentionally violated Plaintiff's rights by unlawfully detaining her, by

unlawfully entering her home, by unlawfully arresting her, and by shooting her.

114.    As a result of DEFENDANT OFFICERS' conduct, Plaintiff suffered extreme mental and physical pain and suffering and was grievously injured.

115.    The conduct of Defendants SANCHEZ, SARRIS, YOU, and DOES 1-10 was a substantial factor in causing the harm, losses, injuries and damages of Plaintiff.

116.    Defendant CITY is vicariously liable for the wrongful acts of Defendants SANCHEZ, SARRIS, YOU, and DOES 1-10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

117.    As a result of their violations of Plaintiff's rights, Defendants are liable to Plaintiff for compensatory damages under California law, including for past and future physical and mental pain and suffering, loss of enjoyment of life, disfigurement, physical impairment, inconvenience, grief, anxiety, humiliation, and emotional distress; past and future medical expenses; and lost income and earning capacity.

118.    The conduct of Defendants SANCHEZ, SARRIS, YOU, and DOES 1-10 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiff, entitling Plaintiff to an award of exemplary and punitive damages as against these Defendants.

119.    Plaintiff also seeks costs and attorney fees under this claim, with a multiplier.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff STACEY NOONAN requests entry of judgment in her favor and against Defendants CITY OF NEWPORT BEACH, BERNADETTE SANCHEZ, PAUL SARRIS, LINA YOU, and DOES 1-10, inclusive, as follows:

A.    For compensatory damages under federal and state law in an amount to be proven at trial;

B.    For other general damages in an amount according to proof at trial;

C.    For other non-economic damages in an amount according to proof at trial;

D.    For other special damages in an amount according to proof at trial;

E.    For punitive damages against the individual defendants in an amount to be proven at trial;

F.    Attorney's fees and costs pursuant to 42 U.S.C. § 1988;

G.    Attorney's fees and costs pursuant to Cal. Civ. Code § 52.1(h)

H.    For interest;

I.    For reasonable costs of this suit; and

J.    For such further other relief as the Court may deem just, proper, and appropriate.

DATED: December 11, 2025          **LAW OFFICES OF DALE K. GALIPO**


By: _____
DALE K. GALIPO
BENJAMIN S. LEVINE
Attorneys for Plaintiff

COMPLAINT FOR DAMAGES

## **DEMAND FOR JURY TRIAL**

The Plaintiff named herein hereby demands a trial by jury.

DATED: December 11, 2025          **LAW OFFICES OF DALE K. GALIPO**

By: _____
          DALE K. GALIPO
          BENJAMIN S. LEVINE
          Attorneys for Plaintiff

COMPLAINT FOR DAMAGES