```
 1  Susan E. Coleman (SBN 171832)
    E-mail:  scoleman@bwslaw.com
 2  BURKE, WILLIAMS & SORENSEN, LLP
    444 South Flower Street, 40th Floor
 3  Los Angeles, California 90071-2942
    Tel:  213.236.0600   Fax:  213.236.2700
 4
    Attorneys for Defendant
 5  CITY OF NEWPORT BEACH
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIV. (SANTA ANA)

| | |
|---|---|
| STACEY NOONAN,<br><br>           Plaintiff,<br><br>      v.<br><br>CITY OF NEWPORT BEACH; BERNADETTE SANCHEZ, PAUL SARRIS, LINA YOU, and DOES 1 through 10, inclusive,<br><br>           Defendants. | Case No. 8:25-cv-02747-JVS-ADS<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT; AND DEMAND FOR JURY TRIAL**<br><br>Judge:  Hon. James V. Selna<br><br>Trial Date:       None Set |

COMES NOW, Defendant CITY OF NEWPORT BEACH, answering Plaintiff's Complaint for Damages in the above-entitled action, and hereby admits, denies, and alleges as follows:

**INTRODUCTION**

1. In response to paragraph 1 of the Complaint, Defendant admits Plaintiff is suing the City and several Newport Beach Police Department (NBPD) officers. Defendant denies that Plaintiff's constitutional or state law rights were violated. Except as admitted herein, Defendant denies any remaining allegations for lack of information and belief.

///

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4918-6169-5113 v1

1

Case No. 8:25-cv-02747-JVS-ADS
DEFENDANT'S ANSWER TO COMPLAINT

2. In response to paragraph 2 of the Complaint, Defendant admits Plaintiff incurred injuries on July 17, 2022. Defendant denies that excessive force was used on Plaintiff, denies that anyone failed to provide or request medical care for Plaintiff, and denies that Defendants were negligent. Defendant denies any remaining allegations for lack of information and belief.

## JURISDICTION AND VENUE

3. Answering paragraphs 3-4 of the Complaint, Defendant admits this Court has jurisdiction due to the federal statutory and constitutional claims asserted and that there is supplemental jurisdiction for state law claims. Defendant admits that venue is proper in this Court. Except as admitted herein, Defendant denies any remaining allegations for lack of information and belief.

## PARTIES

4. Answering paragraph 5 of the Complaint, Defendant admits Plaintiff was an individual residing in the City of Newport Beach and that she seeks compensatory and punitive damages. Except as admitted herein, Defendant denies any remaining allegations for lack of information and belief.

5. Answering paragraphs 6-14 of the Complaint, Defendant admits the City of Newport Beach is a municipal entity and that it employs or employed Bernadette Sanchez, Paul Sarris, and Lina You. Defendant admits these officers acted within the scope of their duties as NBPD officers and under color of law. Except as admitted herein, Defendant denies any remaining allegations for lack of information and belief.

## FACTS COMMON TO ALL CLAIMS

6. Answering paragraph 15 of the Complaint, Defendant repeats and re-alleges the response to paragraphs 1-14 above.

7. Answering paragraphs 16-21 of the Complaint, Defendant admits that at some point on July 17, 2022, Plaintiff was at her home in Newport Beach, and that Officers Sanchez, Sarris and You went to her house to attempt to speak with

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4918-6169-5113 v1

2

Case No. 8:25-cv-02747-JVS-ADS
DEFENDANT'S ANSWER TO COMPLAINT

her. Defendant avers that the reason officers went to Plaintiff's house was due to a 911 call reporting a PC 273.5 felony domestic violence incident that had occurred in the parking lot of Gelson's on San Miguel Drive wherein Plaintiff was reported as the suspect. Defendant admits the officers talked with Plaintiff through the door and a small window to the left of her front door. Defendant admits that Plaintiff opened the door but denies that officers forced the door open. Defendant admits that Officer Sanchez took hold of Plaintiff's arm to handcuff and arrest her. Defendant avers that Plaintiff forcibly resisted the arrest, in violation of PC 69, including by using pepper spray on the officers in violation of PC 244. Except as admitted herein, Defendant denies any remaining allegations for lack of information and belief.

8. Answering paragraphs 22-32 of Plaintiff's Complaint, Defendant denies that the officers forced their way inside the home and avers that while the officers continued to attempt to arrest Plaintiff, the group fell to the floor within the apartment and the door opened. Defendant avers that Plaintiff was violently kicking and pulling her arms as she attempted to escape. Defendant denies that Plaintiff posed no immediate threat to the officers. Defendant Sgt. Sarris was preparing to use his Taser to gain control when a gunshot was fired. Except as admitted herein, Defendant denies any remaining allegations for lack of information and belief.

9. Answering paragraphs 33-34 of Plaintiff's Complaint, Defendant denies that the officers waited minutes before summoning paramedics and denies that they delayed the paramedics access to Plaintiff at the scene. Defendants aver that an ambulance was called immediately and Plaintiff was transported to Mission Hospital for treatment. Except as admitted herein, Defendant denies any remaining allegations for lack of information and belief.

10. Answering paragraphs 35-36 of Plaintiff's Complaint, defendant admits that Plaintiff filed a claim for damages with the City. Defendant lacks sufficient information to admit or deny specifics of the criminal case against Plaintiff. Except

///

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4918-6169-5113 v1

3

Case No. 8:25-cv-02747-JVS-ADS
DEFENDANT'S ANSWER TO COMPLAINT

as admitted herein, Defendant denies any remaining allegations for lack of information and belief.

## FIRST CLAIM FOR RELIEF

11. Answering paragraph 37 of the Complaint, Defendant repeats and re-alleges the response to paragraphs 1-36 above.

12. Answering paragraphs 38-45 of the Complaint, Defendant denies the officers forced their way into Plaintiff's home and denies the officers violated the Fourth or Fourteenth Amendments. Defendant denies any remaining allegations for lack of information and belief.

## SECOND CLAIM FOR RELIEF

13. Answering paragraph 46 of the Complaint, Defendant repeats and re-alleges the response to paragraphs 1-45 above.

14. Answering paragraphs 47-53 of the Complaint, Defendant denies that Officer Sanchez used excessive or unreasonable force. Defendant denies that the officers' tactics were inappropriate, unconstitutional, or unlawful. Defendant denies any remaining allegations for lack of information and belief.

## THIRD CLAIM FOR RELIEF

15. Answering paragraph 54 of the Complaint, Defendant repeats and re-alleges the response to paragraphs 1-53 above.

16. Answering paragraphs 55-68 of the Complaint, Defendant admits the officers attempted to arrest and handcuff Plaintiff on charges of felony domestic violence. Defendant denies that the officers unlawfully seized Plaintiff and denies that they did not witness Plaintiff committing any crime. Defendant denies that the officers' tactics were inappropriate, unconstitutional, or unlawful. Defendant denies any remaining allegations for lack of information and belief.

## FOURTH CLAIM FOR RELIEF

17. Answering paragraph 69 of the Complaint, Defendant repeats and re-alleges the response to paragraphs 1-68 above.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4918-6169-5113 v1

4

Case No. 8:25-cv-02747-JVS-ADS
DEFENDANT'S ANSWER TO COMPLAINT

18. Answering paragraphs 70-76 of the Complaint, Defendant denies that the officers delayed summoning medical care. Defendant denies any remaining allegations for lack of information and belief.

### FIFTH CLAIM FOR RELIEF

19. Answering paragraph 77 of the Complaint, Defendant repeats and re-alleges the response to paragraphs 1-76 above.

20. Answering paragraphs 78-88 of the Complaint, Defendant denies the City failed to properly train its officers. Defendant denies that it was deliberately indifferent to any training requirements and denies it failed to train police officers to comply with POST training standards. Defendant denies any remaining allegations for lack of information and belief.

### SIXTH CLAIM FOR RELIEF

22. Answering paragraph 89 of the Complaint, Defendant repeats and re-alleges the response to paragraphs 1-88 above.

23. Answering paragraphs 90-95 of the Complaint, Defendant denies the City ratified any unlawful or unconstitutional conduct. Defendant denies any remaining allegations for lack of information and belief.

### SEVENTH CLAIM FOR RELIEF

24. Answering paragraph 96 of the Complaint, Defendant repeats and re-alleges the response to paragraphs 1-95 above.

25. Answering paragraphs 97-100 of the Complaint, Defendant denies that Officer Sanchez acted unlawfully and/or unreasonably. Defendant denies any remaining allegations for lack of information and belief.

### EIGHTH CLAIM FOR RELIEF

26. Answering paragraph 101 of the Complaint, Defendant repeats and re-alleges the response to paragraphs 1-100 above.

27. Answering paragraphs 102-105 of the Complaint, Defendant denies that it failed to properly or adequately train its officers. Defendant denies that its

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4918-6169-5113 v1

5

Case No. 8:25-cv-02747-JVS-ADS
DEFENDANT'S ANSWER TO COMPLAINT

officers acted negligently and denies the officers failed to timely summon medical care. Defendant denies any remaining allegations for lack of information and belief.

### NINTH CLAIM FOR RELIEF

28. Answering paragraph 106 of the Complaint, Defendant repeats and re-alleges the response to paragraphs 1-105 above.

29. Answering paragraphs 107-119 of the Complaint, Defendant denies that its officers unlawfully entered Plaintiff's home, unlawfully detained/ arrested her, or used excessive force on her. Defendant avers that the officers were attempting to arrest Plaintiff for felony domestic abuse and she subsequently sprayed them with pepper spray and resisted arrest. Defendant denies any remaining allegations for lack of information and belief.

### PRAYER FOR RELIEF

230 Answering the Plaintiff's Prayer for Relief, Defendant denies that Plaintiff is entitled to any of the relief sought.

### AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses, Defendant alleges each of the following:

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint and each cause of action fails to state a valid cause of action or basis for recovery.

### SECOND AFFIRMATIVE DEFENSE

The damages alleged were directly and proximately caused and contributed to by the negligence of Plaintiff, and the extent of damages sustained, if any, should be reduced in proportion to the amount of said negligence.

### THIRD AFFIRMATIVE DEFENSE

As to the federal claims and theories of recovery, Defendant is protected from liability under the doctrine of qualified immunity.

///

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4918-6169-5113 v1

6

Case No. 8:25-cv-02747-JVS-ADS
DEFENDANT'S ANSWER TO COMPLAINT

### FOURTH AFFIRMATIVE DEFENSE

The force used against Plaintiff was caused and necessitated by the actions of Plaintiff, and was reasonable and necessary for self-defense and/or the defense of others.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her damages.

### SIXTH AFFIRMATIVE DEFENSE

Defendant is protected by affirmative defenses provided by California law, including but not limited to Penal Code sections 197, 834, 835, 836, and/or 836.5.

### SEVENTH AFFIRMATIVE DEFENSE

The state law claims alleged by Plaintiff are barred for failure to comply with the claim provisions of the California Tort Claims Act (Govt. Code section 910, et seq.) including without limitation, Cal. Govt. Code Sections 901, 905, 905.2, 910, 911.3, 911.4, 945.4, 945.6 and 946.6.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff had actual knowledge of the condition and particular danger alleged, knew and understood the degree of risk assumed, and voluntarily assumed such risk.

### NINTH AFFIRMATIVE DEFENSE

Defendant is immune from liability under the following California statutes, each of which is set forth as a separate and distinct affirmative defense: Cal. Gov't Code 815.2, 818, 820.2, 820.4, and 820.8

### TENTH AFFIRMATIVE DEFENSE

Any act or omission by Defendant and/or its employees alleged in the Complaint was a result of the exercise of discretion vested in a public employee, and said Defendants are therefore immune and not liable for such acts under Government Code § 820.2.

///

///

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4918-6169-5113 v1

7

Case No. 8:25-cv-02747-JVS-ADS
DEFENDANT'S ANSWER TO COMPLAINT

## ELEVENTH AFFIRMATIVE DEFENSE

Because the Complaint is couched in conclusory terms, Defendant cannot fully anticipate all affirmative defenses that may be applicable to this action. Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is hereby reserved.

## DEMAND FOR JURY TRIAL

Defendant hereby demands and requests a trial by jury in this matter.

## PRAYER FOR RELIEF

WHEREFORE, Defendant the CITY OF NEWPORT BEACH prays for judgment as follows:

1. That Plaintiff takes nothing by way of this action;
2. That the action be dismissed;
3. That Defendant be awarded costs of suit;
4. That Defendant be awarded other and further relief as the Court may deem just and proper.

Dated: January 28, 2026            BURKE, WILLIAMS & SORENSEN, LLP

By: _____/s/ *Susan E. Coleman*_____
Susan E. Coleman
Attorneys for Defendant
CITY OF NEWPORT BEACH

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4918-6169-5113 v1

8

Case No. 8:25-cv-02747-JVS-ADS
DEFENDANT'S ANSWER TO COMPLAINT