**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Benjamin S. Levine (SBN 342060)
blevine@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333
Fax: (818) 347-4118

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACEY NOONAN, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF NEWPORT BEACH; BERNADETTE SANCHEZ; PAUL SARRIS; LINA YOU; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No. 8:25-cv-02747-JVS-ADS <br><br> *Hon. James V. Selna* <br> *Hon. Mag. Judge Autumn D. Spaeth* <br><br> **JOINT RULE 26(f) REPORT** <br><br> <u>Scheduling Conference:</u> <br> Date:   April 6, 2026 <br> Time:  10:30 a.m. <br> Crtrm: 10C <br><br> **Complaint (with Demand for Jury Trial) Filed**: December 11, 2025 <br> **Responsive Pleading Filed**: January 28, 2026 <br> **Trial (Proposed)**: July 13, 2027 |

1

JOINT RULE 26(f) REPORT

**TO THE HONORABLE COURT:**

Pursuant to Federal Rules of Civil Procedure Rule 26(f), Local Rule 16-1, and the Court's February 4, 2026, Order setting the Scheduling Conference [Dkt. 17], the early meeting of counsel has been conducted between counsel for Plaintiff and counsel for Defendants. The early meeting of counsel took place via telephone on March 15, 2026, and was attended by Benjamin Levine of the Law Offices of Dale K. Galipo, counsel for Plaintiff, and Susan Coleman of Burke, Williams & Sorensen, LLP, counsel for Defendants.

The parties have discussed the nature and basis of their claims and defenses, the potential for resolving the case, the timing of initial disclosures, and a proposed discovery plan. The parties, through their counsel, respectfully submit the following Joint Report.

(a)    <u>Case Synopsis</u>

<u>Plaintiff's Summary</u>: Plaintiff alleges that, on July 17, 2022, Defendant Newport Beach Police Department officers Bernadette Sanchez, Paul Sarris, and Lina You went to Plaintiff Stacey Noonan's home in Newport Beach to speak with her. They spoke with her through a window before asking her to open the door. Plaintiff informed the officers that she would open the door to speak with them if they stood several feet back and that she was not consenting to their entry into home. The officers had no warrant. As Plaintiff opened the front door, still standing inside of her home, the officers grabbed Plaintiff's arm and attempted to pull her outside through the doorway. As Plaintiff then attempted to close the door, the officers pushed the door open and forced an entry into Plaintiff's home over her vocal objections. While forcing their entry, at least one of the officers fell on top of Plaintiff, knocking her to the ground. While Plaintiff was on the ground, not attempting to harm any officer, Sanchez fired her firearm at Plaintiff, striking Plaintiff in the head. No warning was provided to Plaintiff before deadly force was used, and Plaintiff had made no aggressive or threatening movements. Accordingly,

Plaintiff alleges that she posed no immediate threat of death or serious bodily injury that would justify the use of deadly force against her. As a result of the shooting, Plaintiff sustained significant injuries but survived.

As a result of these allegations, Plaintiff brings causes of action under 42 U.S.C. § 1983 against the individual Defendants, for unlawful entry, excessive force, unlawful detention and arrest, and denial of medical care. Plaintiff also brings *Monell* claims against Defendant City of Newport Beach for failure to train and ratification. Plaintiff also bring causes of action under state law against all Defendants for battery, negligence, and violation of the Bane Act, Cal. Civ. Code § 52.1.

All Defendants have been served and have answered the operative complaint. [Dkt. 10, 13-16.]

Defendants' Summary:

On July 17, 2022, officers from the Newport Beach Police Department were called to the parking lot of Gelson's at 1660 San Miguel Drive, in response to reports of a domestic disturbance between a man (Hietbrink) and a woman (Stacey Noonan). It was reported that during a child custody exchange of a minor child in the parking lot, Noonan attacked Judson Hietbrink and his girlfriend, hitting and scratching Hietbrink, squirting an unknown substance on him, and pulling his girlfriend's hair and hitting her. Before police arrived, Noonan drove away from the scene with a rottweiler dog in the vehicle.

Based on probable cause to arrest Noonan for felony domestic violence (Pen. Code 273.5), and concern for Hietbrink (who lived within a few miles), Officers You, Sanchez, and Sgt. Sarris responded to Noonan's residence nearby in the Baywood apartments. When Noonan opened the door, she concealed her body behind the door and only her left hand and arm were visible. Officer Sanchez asked to see Noonan's right hand to verify she was not armed. When Noonan displayed her right arm, Officer Sanchez then took hold of Noonan's arm to place her under arrest, but Noonan violently resisted the arrest. Noonan thrashed her arms to break free and sprayed

pepper spray at the officers.

During the struggle at the doorway to remove the pepper spray and place Noonan under arrest, the officers (and Noonan) fell into the apartment with the door open. Noonan was violently kicking and pulling her arms to attempt to escape. Noonan grabbed a large knife, and raised it in an overhand motion as if to stab Officer You, when Officer Sanchez fired a round at Noonan to protect the life of Officer You.  Noonan was shot in the face, and paramedics were called. Multiple officers responded and began life saving measures in the interim. Newport Beach Fire personnel arrived on scene and transported Noonan to Mission hospital.

Statement regarding Jurisdiction:

Plaintiff has filed federal claims pursuant to 42 U.S.C. § 1983. Accordingly, the parties do not dispute that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and over Plaintiff's claims under state law pursuant to 28 U.S.C. § 1367, as those claims are so related to Plaintiff's federal claims that they form part of the same case or controversy.

*Parties*: The parties are Plaintiff Stacey Noonan, Defendants City of Newport Beach, Bernadette Sanchez, Paul Sarris, Lina You, and Does 1-10.

*Witnesses*: The percipient witnesses include Plaintiff, the Defendant Officers, other City of Newport Beach personnel present at the scene of the incident, paramedics/EMTs who provided treatment to Plaintiff and transported her to the hospital, other medical treatment providers, and other possible civilian witnesses. Additional non-percipient witnesses may include expert witnesses and witnesses on Plaintiff's damages. Given that discovery has not yet been completed, the parties have not yet identified all other witnesses.

**(b)** **Legal Issues**

1. Whether the Defendant Officers unlawfully entered Plaintiff's home, or whether a valid warrant exception applied;

JOINT RULE 26(f) REPORT

2. Whether the Defendant Officers used excessive or reasonable force against Plaintiff under the circumstances;

3. Whether the Defendant Officers unlawfully detained and arrested Plaintiff or acted due to an imminent threat of great bodily injury or death;

4. Whether the Defendant Officers denied timely medical care to Plaintiff or whether it was provided;

5. Whether the City of Newport Beach improperly failed to train its officers, and whether that failure to train was a moving force behind any of the constitutional violation(s) alleged;

6. Whether one or more City of Newport Beach officials who possessed final policymaking authority improperly ratified the Defendant Officers' actions and the reasons for them;

7. Whether Defendants are liable for Battery based on the use of force against Plaintiff, or were privileged to use such force due to an alleged imminent or immediate threat of great bodily injury or death;

8. Whether the Defendant Officers were negligent toward Plaintiff or alternatively if they acted reasonably under the circumstances;

9. Whether Defendants are liable under the Bane Act based on the alleged violations of Plaintiff's constitutional rights;

10. The nature and scope of Plaintiff's damages, if any; and

11. Whether Plaintiff is entitled to punitive damages.

**(c)    <u>Damages</u>**

Plaintiff claims general and special compensatory damages, according to proof at trial under federal and state law, for her injuries, pain and suffering, emotional distress, past and future medical expenses, and lost income and earning capacity, in excess of $5 million. Plaintiff also seeks punitive and exemplary damages against the individual Defendant Officers only. Plaintiff also seeks attorney's fees pursuant to 42

U.S.C. § 1988 and under state law, costs and interests incurred.

**(d)** <u>**Insurance**</u>

Information pending.

**(e)** <u>**Motions (Procedural)**</u>

There are no pending motions. Following initial discovery, Plaintiff may file either a stipulation to name as defendants any additional officers or other individuals who are believed to have liability, if any, or a motion to amend if such stipulation cannot be reached. Aside from this, the parties do not anticipate bringing any motions to amend the pleadings, add parties or claims or transfer venue. The parties expect to file discovery motions as needed or to seek assistance from the Magistrate Judge via informal discovery conference.

**(f)** <u>**Discovery and Experts**</u>

The parties agree to exchange initial disclosures on or before April 15, 2026. As of the time of the drafting of this report, written discovery requests have not yet been propounded and deposition dates have not yet been set.

The parties have discussed the anticipated discovery and propose a discovery schedule set forth in "Exhibit A" attached hereto. This schedule was compiled based upon the trial calendars of counsel and their evaluation of the parties' discovery needs.

Plaintiff anticipates serving written discovery regarding City records related to the incident, and taking the depositions of City of Newport Beach and Newport Beach Police Department personnel who were involved in the detention and arrest of, use of force against, and arrest of Plaintiff. Plaintiff may also depose EMTs, paramedics, and/or fire department personnel who arrived to provide medical attention to Plaintiff. Plaintiff also plans to retain experts who will opine on, and potentially testify to, issues of liability, causation, and damages. Plaintiff anticipates serving written interrogatories, requests for admission, and requests for production of documents.

JOINT RULE 26(f) REPORT

Defendants plan to serve written discovery on Plaintiff, and take the depositions of Plaintiff, Mr. Judson Hietbrink, Ms. Sarka Nechanicka, and any other percipient or damages witnesses disclosed.

The parties will also take the depositions of any experts or witnesses identified by the other.

The parties do not see any issues regarding electronically stored information pursuant to Rule 26(f)(3)(C) in this case. The parties do not anticipate any changes to the limitations on discovery imposed by the Federal Rules at this time, except that Plaintiff may seek a stipulation or leave to depose more witnesses than the 10 allowed under the Federal Rules, if Plaintiff learn through discovery that there were more City of Newport Beach personnel who were present during relevant events and may be material witnesses than Plaintiff would otherwise be able to depose.

The parties propose a fact discovery cut-off of February 5, 2027, which is also as set forth in Exhibit A hereto.

The parties have discussed expert discovery and propose exchange dates of: Initial Expert Disclosure on February 26, 2027; Rebuttal Expert Disclosure on March 19, 2027; and Expert Discovery Cut-off of April 2, 2027. These dates are also set forth in Exhibit A attached hereto.

The parties will simultaneously exchange their expert reports.

**(g)** **Dispositive Motions**

The parties have discussed potential motions and propose a deadline of May 17, 2027, to hear dispositive motions. This proposed date is also set forth in Exhibit A attached hereto.

After a period of discovery, Plaintiff may bring a motion for summary judgment or adjudication on one or more claims as appropriate, including the unlawful entry claim.

Defendants plan to file a summary judgment motion, and motions in limine as appropriate.

JOINT RULE 26(f) REPORT

The parties agree and request that for any motion made pursuant to F.R.C.P. 56, the opposing party shall have two weeks to prepare and file their opposition papers and that the moving party shall have one week to prepare and file their reply papers.

The parties further anticipate bringing motions *in limine* based on the claims and damages remaining at trial.

**(h)    Settlement and Settlement Mechanism**

a.    *Prior Discussions*

The parties have not had substantive settlement discussions. The parties are amenable to engaging in initial settlement discussions following a period of discovery.

b.    *ADR Selection*

The parties are agreeable to participating in ADR Procedure No. 3 (private mediation). If mediation is unsuccessful, the parties are also amenable to participating in a Settlement Conference before a Magistrate Judge.

**(i)    Trial Estimate**

a.    *Proposed Trial Date*

The parties propose a trial start date of July 13, 2027. This date reflects the anticipated scope of fact discovery; the need for expert discovery; the potential for the filing, hearing, and resolution of dispositive motions filed by one or both parties; and lead trial counsel's current trial calendars for early and mid 2027.

b.    *Time Estimate*

The parties estimate the trial will take approximately five court days. This estimate reflects the anticipated need for testimony from the parties, percipient witnesses, and one or more experts for each side.

c.    *Witnesses*

The parties are unable to currently provide an informed estimate of how many witnesses they contemplate calling. Plaintiff anticipates calling the Defendant

Officers, Plaintiff's retained experts, and any percipient witnesses, and possibly calling EMT/paramedics who provided treatment and other medical providers. Other categories of witnesses may be determined through discovery. Defendants plan to call the Defendant Officers, any other percipient witnesses, EMT/ paramedics who responded, treating providers, and expert witnesses.

>     d.    *Jury or Court Trial*

The parties request a trial by jury.

>     e.    *Lead Trial Counsel*

Dale K. Galipo will be lead trial counsel for Plaintiff. Susan Coleman will be lead trial counsel for Defendants.

**(j)    Timetable**

The parties have completed and attached as Exhibit A the Court's Presumptive Schedule of Pretrial Dates form.

**(k)    Other issues**

The parties stipulate to electronic service of discovery.

The parties may seek entry of a stipulated protective order governing use of sensitive materials produced in discovery in this action.

The parties agree that this is not a complex case and is therefore not subject to the Manual for Complex Litigation.

The parties agree that this case does not require an independent expert or master.

**(l)    Conflicts**

Plaintiff is an individual, not a corporate party, so has no subsidiaries, parents, or affiliates.

Defendants work for the City of Newport Beach.

**(m)    Patent Cases**

Not applicable.

JOINT RULE 26(f) REPORT

**(n)** **Magistrates**

The parties are not requesting to try the case before a Magistrate Judge.

Respectfully submitted,

Dated: March 30, 2026        LAW OFFICES OF DALE K. GALIPO

                             By   */s/ Benjamin S. Levine*
                                  DALE K. GALIPO
                                  BENJAMIN S. LEVINE[1]
                                  *Attorneys for Plaintiff*


Dated: March 30, 2026        BURKE, WILLIAMS & SORENSEN, LLP

                             By   */s/ Susan E. Coleman*
                                  SUSAN E. COLEMAN
                                  *Attorneys for Defendants*

---

[1] Pursuant to Local Rule 5-4.3.4, as the filer of this document, I attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

JOINT RULE 26(f) REPORT